# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JUMOKA JOHNSON, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>MERCHANTS & MEDICAL CREDIT CORPORATION INC. and CAPITAL ONE N.A.,<br><br>    Defendants. | Case No.: 19-cv-1121<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. ("WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Jumoka Johnson is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from Plaintiff a debt allegedly incurred for personal, family, or household purposes, namely a personal credit card account.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debt Defendants sought to collect from Plaintiff was incurred as a result of a consumer transaction.

6. Defendant Merchants & Medical Credit Corporation ("Merchants") is a foreign corporation with its primary offices located at 6324 Taylor Drive, Flint, Michigan 48507.

7. Merchants is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Merchants is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. Merchants is licensed as a "collection agency" pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

10. Merchants is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat § 427.103(3).

11. Upon information and belief, Defendant Capital One N.A. ("Capital One") issues and administers "Kohl's" store-branded credit card accounts. Capital One is a national bank with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

12. Capital One does substantial business in Wisconsin.

13. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, *directly or indirectly*, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added).

14. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

15. Capital One is a "debt collector" under Wisconsin law, in that it collects consumer debts owed to itself, both directly and indirectly through collection agencies.

16. Capital One is a "merchant" as defined in the WCA, as the alleged debt arose from use of Plaintiff's consumer credit account. Wis. Stat. § 421.301(25) ("The term [merchant] includes but is not limited to a seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person.")

17. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

18. The Wisconsin Department of Financial Institutions has likewise designated merchants and creditors as "Debt Collectors" under the WCA:

> Anyone attempting to collect a debt arising from a consumer credit transaction in Wisconsin, whether a merchant doing its own debt collecting or a third-party debt collector, must follow Wisconsin's debt collection law, Ch. 427, Wis. Stats. This is an important point because many merchants collecting debt owed directly to them mistakenly believe that they are exempt from Wisconsin's debt collection law because they are not included within the definition of "debt collector" under the federal Fair Debt Collection Practices Act.

https://www.wdfi.org/wca/business_guidance/creditors/debt_collection/.

19. Capital One uses third-party debt collection agencies, including Merchants, to collect consumer debts. Capital One, directly or indirectly, is a "debt collector" under this arrangement. Wis. Stat. § 427.103(3).

20. Any company meeting the definition of a "debt collector" (here, Capital One) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

## FACTS

21. On or about August 13, 2018, Plaintiff was mailed an account statement referencing an alleged debt associated with a "Kohl's" store-branded credit card account. A copy of this account statement is attached to this complaint as Exhibit A.

22. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a credit card, which was used only for personal, family, and household purposes, including the purchase of goods at Kohl's stores.

23. Exhibit A includes the following representations:

| | |
|---|---|
| New Balance | $ 3,622.58 |
| Payment Due Date | 09/08/2018 |
| Minimum Payment Due | 1,046.00 |
| Amount Past Due | 898.00 |
| To Avoid Interest Charge Pay | $ 3,622.58 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $37.00

24. Exhibit A thus states that, as of August 13, 2018, the account had a "New Balance" of $3,622.58, with a "Payment Due Date" of September 8, 2018, and a "Minimum Payment Due" of $1,046.00 and an "Amount Past Due" of $898.00.

4

25. On or about September 5, 2018, Merchants mailed Plaintiff a debt collection letter regarding the alleged debt associated with the same "Kohl's" store-branded credit card account. A copy of this letter is attached to this complaint as <u>Exhibit B.</u>

26. Upon information and belief, <u>Exhibit B</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

27. Upon information and belief, <u>Exhibit B</u> is a form debt collection letter, generated by computer, and used by Merchants to attempt to collect alleged debts.

28. Upon information and belief, <u>Exhibit B</u> was the first letter that Merchants sent to Plaintiff with respect to the alleged debt referenced in <u>Exhibit B</u>.

29. <u>Exhibit B</u> includes the following representations:

> Unless you notify us within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of the verification or judgment will be mailed to you. If you make a written request to us within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

30. Additionally, <u>Exhibit B</u> includes the following representations:

> Statement Date: September 5, 2018
> Reference Number: ▇1552
> CURRENT CREDITOR: CAPITAL ONE, N.A.
> ORIGINAL CREDITOR: CAPITAL ONE, N.A.
> RE: YOUR KOHL'S CREDIT CARD ACCOUNT *******3552
> CURRENT BALANCE: $3,622.58

31. Furthermore, <u>Exhibit B</u> includes a remittance slip, which includes the following representations:

> Reference Number: ▇1552
> Current Balance: $3,622.58

32. <u>Exhibit B</u> also includes the following representation:

> This account has been placed with our office for collection and calls for payment in full. Please contact us so we may assist you in this matter.

5

33. Exhibit B, mailed on September 5, 2018, before the payment due date in Exhibit A, thus represents that the amount due is the full balance of the account and fails to indicate that Plaintiff could return her account to a current status by making a minimum payment.

34. By representing the full balance of Plaintiff's alleged debts as the amount due, Exhibit B is false, deceptive, and misleading as to the character, amount, and legal status of such debts.

35. Upon information and belief, the acceleration clause in the underlying credit agreement governing the alleged debts referenced in Exhibits A & B provided for *optional* acceleration upon the consumer's default. *See, e.g.*, https://files.consumerfinance.gov/a/assets/credit-card-agreements/pdf/Capital_One/Credit_Card_Agreement_for_Kohls_Cards.pdf ("2016 Kohl's Cardmember Agreement") at 2 ("In the event of default, subject to any right you may have under applicable law, we **may** demand that you pay the entire unpaid balance due.") (emphasis added).

36. Exhibit A also contains an "IMPORTANT NEWS" item, notifying the consumer that the "account is currently closed."

37. Exhibit A states that the creditor has closed the account but does not state that the consumer must pay the unpaid balance immediately. Instead, Exhibit A states that the consumer can avoid acceleration and return the account to a current status by tendering the minimum payment amount on or before September 8, 2018, the payment due date.

38. Exhibit A also states that the creditor would not exercise its rights under the optional acceleration clause until, at the earliest, September 8, 2018.

6

39. Conversely, Exhibit B represents that the debt had been accelerated and the full balance was due when Exhibit B was mailed.

40. By mailing the February account statements, Exhibit A, Capital One waived its right to accelerate the maturity of the account before September 8, 2018, and as of September 5, 2018, when Merchants mailed its letters, Capital One had not exercised the optional acceleration clause, notwithstanding whether Capital One had closed or charged off the account for accounting purposes. *See, e.g., Johnson v. LVNV Funding*, No. 13-cv-1191, 2016 U.S. Dist. LEXIS 19651, at *15 (E.D. Wis. Feb. 18, 2016) ("That WaMu chose to write off the debt does not mean that it could improperly accelerate it."); *see also, Smither v. Asset Acceptance, LLC*, 919 N.E.2d 1153, 1160-61 (Ind. Ct. App. 2010) (in the context of credit card accounts, "a 'charge off' appears to be an accounting device that has no bearing upon the question of whether an optional acceleration clause has been invoked.").

41. The unsophisticated consumer cannot determine whether the debt had been accelerated or not, or how much debt is actually due as of the date of Exhibit B. Exhibit B states that the account calls for payment in full while Exhibit A indicates that only a "Minimum Payment Due" is due to the creditor as of the date of the letter. *See Machnik v. RSI Enters.*, 2017 U.S. Dist. LEXIS 160772, at *6 (E.D. Wis. Sept. 29, 2017) ("In the context of a debt, 'owing' an amount is distinguishable from the amount 'due.'").

42. Plaintiff read Exhibits A & B.

43. Plaintiff was misled and confused by Exhibits A & B.

44. The unsophisticated consumer would be misled and confused by Exhibit A.

45. Plaintiff had to spend time and money investigating Exhibits A & B, and the consequences of any potential responses to Exhibits A & B.

7

## *The FDCPA*

46. The FDCPA creates both substantive and procedural rights for consumers, and violations of those rights risk harm to concrete interests that the FDCPA protects. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest

that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

47. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

48. Misrepresentations of the character, amount or legal status of any debt, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at

9

*4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

49. 15 U.S.C. § 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

50. 15 U.S.C. § 1692e(2)(A) specifically prohibits: "The false representation of — the character, amount, or legal status of any debt."

51. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

52. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

53. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

54. 15 U.S.C. § 1692g states:

**(a) Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

10

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> **(b) Disputed debts**
>
> …
>
> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

55. The debt collector must state the information required by 15 U.S.C. § 1692g(a) in a non-confusing manner. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 323 (7th Cir. 2016) (citing *Chuway*, 362 F.3d at 947).

### *The WCA*

56. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

57. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v.

11

*Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

58. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

59. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

60. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

61. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

62. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

12

63. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

64. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer ... in such a manner as can reasonably be expected to threaten or harass the customer."

65. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …."

66. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

67. Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

68. The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed collection agencies, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

## **COUNT I – FDCPA**

69. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

70. Count I is brought against Defendant Merchants.

13

71. By representing payment in full of the total account balance of Plaintiff's alleged debts was due as of the date of the letter, Exhibit B is false, deceptive, and misleading as to the actual amount of the alleged debt currently owed by Plaintiff.

72. By representing payment in full of the total account balance of Plaintiff's alleged debts was due as of the date of the letter, Exhibit B misrepresents that Plaintiff's alleged debt had been accelerated.

73. By representing payment in full of the total account balance of Plaintiff's alleged debts was due as of the date of the letter, Exhibit B misrepresents the amount of the debt it was legally entitled to collect.

74. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692(f), 1692f(1), and 1692g(a)(1).

## COUNT II – WCA

75. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

76. Count II is brought against both Defendants.

77. Exhibit A states that the creditor had waived any rights to accelerate the account under the optional acceleration clause until, at the earliest, September 8, 2018.

78. Exhibit B, mailed on September 5, 2018, represented that payment in full of the total account balance of Plaintiff's alleged debts was due as of the date of the letter, misrepresenting the amount of the debt it was legally entitled to collect.

79. Exhibit B attempts to collect amounts that Defendants were not legally entitled to collect and can be reasonably expected to harass Plaintiff.

80. Defendants violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), and 427.104(1)(j).

## CLASS ALLEGATIONS

81. Plaintiff brings this action on behalf of a Class, consisting of:

(a) all natural persons in the State of Wisconsin, (b) who were sent an account statement in the form of Exhibit A and subsequently sent a collection letter in the form of Exhibit B, (c) where the account statement in the form of Exhibits A stated a Minimum Payment Due less than the full balance and the letter in the form of Exhibit B was mailed prior to the Payment Due Date stated in Exhibit A, (d) for an alleged debt incurred for personal, family, or household purposes, (e) between August 5, 2018 and August 5, 2019, inclusive (f) that were not returned by the postal service.

82. The class is so numerous that joinder is impracticable.

83. Upon information and belief, there are more than 50 members of each class.

84. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A & B violate the FDCPA and/or the WCA.

85. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

86. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

87. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

88. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the classes and against Defendants for:

    i. actual damages;

   ii. statutory damages;

  iii. attorneys' fees, litigation expenses and costs of suit; and

  iv. such other or further relief as the Court deems proper.

Dated: August 5, 2019

                                  **ADEMI & O'REILLY, LLP**

                  By:    /s/ Mark A. Eldridge
                           John D. Blythin (SBN 1046105)
                           Mark A. Eldridge (SBN 1089944)
                           Jesse Fruchter (SBN 1097673)
                           Ben J. Slatky (SBN 1106892)
                           3620 East Layton Avenue
                           Cudahy, WI 53110
                           (414) 482-8000
                           (414) 482-8001 (fax)
                           jblythin@ademilaw.com
                           meldridge@ademilaw.com
                           jfruchter@ademilaw.com
                           bslatky@ademilaw.com